UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Charlene Holoman, et al.,** | ) | **CASE NO. 1:09 CV 1025** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Stoneridge, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion for Judgment on the Pleadings on Plaintiff Charlene Holoman's Complaint (Doc. 17). For the following reasons, the motion is treated as a motion for summary judgment and GRANTED.

### Facts

Plaintiffs, Charlene Holoman and Boyd Anthony, filed this Complaint against defendant, Stoneridge, Inc., on May 4, 2009. According to the Complaint, Holoman was employed by defendant from September 1999 to September 2008. Anthony was employed by defendant from March 1998 to March 2008. Count One alleges that Holoman was subjected

1

to a hostile work environment on the basis of her race.  Count Two alleges that defendants retaliated against both plaintiffs after they notified defendant of the racially offensive, humiliating, and intimidating conduct of defendant's employees.  Count Three alleges that Holoman was subjected to disparate treatment by defendant on the basis of race.  Counts One through Three are brought pursuant to Title VII.  Counts Four and Five allege state law claims of negligent retention and negligent supervision.  Plaintiffs filed charges with the Equal Employment Opportunity Commission (EEOC) and received Notices of Right to Sue. (Compl.)

Documents submitted to the Court offer the following additional facts.[1]

Holoman filed an EEOC charge against defendant in September 2007 alleging that she had been subjected to racial discrimination/harassment and retaliation beginning in August 2007.  Holoman filed a second EEOC charge in April 2008 against defendant alleging retaliation for complaining of racial harassment by being suspended in November 2007 and

---

[1] The Court can consider the EEOC charges and bankruptcy petition documents without converting the motion to one for summary judgment.  Plaintiffs referred to the EEOC charges in the Complaint and attached the Notices of Right to Sue. Thus, the EEOC charges can be considered.  *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir.2008) (citation omitted) ( "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto ... so long as they are referred to in the Complaint and are central to the claims contained therein.") Furthermore, the bankruptcy petition is a public record and, therefore, can be considered.  *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003)("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for taking judicial notice.") *See also Felix v. Dow Chemical Co.,* 2008 WL 207857 (S.D.Ohio Jan. 23, 2008) (In ruling on a 12(c) motion on the basis of judicial estoppel, the court considered the EEOC right to sue letter, discrimination charge, and materials filed in the bankruptcy proceeding.)

laid off in March 2008. (Doc. 17 Tabs A and B) Holoman received the Notice of Right to Sue on February 9, 2009. (Ex. to Compl.)

On November 20, 2008, Holoman filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio. (Doc. 17 Tab C) Schedule B of the petition required plaintiff to list any personal property which included "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to setoff claims. Give estimated value of each." (Tab C, p. 11). Holoman did not list or describe her legal claims against defendant on this schedule. (*Id.*). Additionally, in the petition's "Statement Of Financial Affairs Form," Holoman was required to: "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Tab C, p. 29). Holoman described a pending foreclosure action, but did not list either of her two pending EEOC charges. (*Id.*).

On February 10, 2009 (the day after the EEOC issued its Right to Sue Notice), Holoman filed an amendment to her bankruptcy petition, but did not list her claims against defendant. (Doc. 17 Tab D)

On March 5, 2009, the Bankruptcy Court entered an Order confirming Holoman's bankruptcy plan. (Doc. 17 Tab E) Plaintiffs filed this lawsuit on May 4, 2009.

On September 4, 2009, defendant filed its Motion for Leave to Amend its Answer in this Court. Therein, defendant asserted that it had just become aware of plaintiff's Chapter 13 bankruptcy filing and wanted to amend its Answer to plead lack of standing and judicial estoppel due to plaintiff's failure to notify the Bankruptcy Court of her claims against

3

defendant.  On September 10, 2009, a Certificate of Amendment was filed in the Bankruptcy Court by plaintiff for the purpose of now including "pending law suits for "Workman's Comp. and Title II and the exemptions."  The Amended Schedules B and C now listed "Title II lawsuit" and "Workman's Comp. Claim."  (Bankruptcy Court Doc. 31)

This matter is now before the Court upon defendant's Motion for Judgment on the Pleadings on Plaintiff Charlene Holoman's Complaint

**Standard of Review**

Motions filed under Fed.R.Civ.P. 12(c) are examined under the same standard of review as those filed under Fed.R.Civ.P. 12(b)(6). *Local 219 Plumbing and Pipefitting Industry Pension Fund v. Buck Consultants, LLC*, 311 Fed.Appx. 827 (6th Cir. 2009) (citations omitted)."For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

**Discussion**

Defendant argues that plaintiff Holoman lacks standing to assert her claims against it because the claims are the property of the bankruptcy estate.  Additionally, defendant contends that Holoman is judicially estopped from pursuing the claims because she failed to disclose them to the Bankruptcy Court.

**(1) Standing**

"A debtor has a mandatory, affirmative duty to disclose all assets, including contingent or unliquidated claims, to the bankruptcy court pursuant to 11 U.S.C. § 521(1).  Those assets constitute the bankruptcy estate, 11 U.S.C. § 541(a)(1), and remain estate

4

property unless abandoned or administered during the bankruptcy proceedings." *Bert v. AK Steel Corp.,* 2007 WL 3005910 (S.D. Ohio Oct. 12, 2007). "A cause of action is an asset that must be scheduled under § 521(1)." *Felix v. Dow Chemical Co.,* 2008 WL 207857 (S.D.Ohio Jan. 23, 2008). Since Section 541 vests legal claims in the bankruptcy estate, "the right to pursue those claims is the exclusive province of the bankruptcy trustee, and the debtor does not have standing to bring those claims in a court of law." *Harvey v. Lowe's Home Centers,* 2006 WL 1129381 (W.D. Tenn. April 25, 2006) (citing *Bauer v. Commerce Union Bank*, 859 F.2d 438 (6th Cir.1988).

Defendant argues that Holoman does not have standing to bring her claims against it because both of Holoman's EEOC claims against defendant were pending when she filed her Chapter 13 bankruptcy petition on November 20, 2008. Consequently, all of Holoman's property, including her legal claims against defendant, became part of the bankruptcy estate at that time. Despite the fact that her bankruptcy plan was confirmed on March 5, 2009, without the bankruptcy trustee's or Bankruptcy Court's knowledge of her claims against defendant, Holoman is now asserting claims against defendant that are part of the bankruptcy estate. While Holoman amended her bankruptcy petition after defendant raised these issues in an Amended Answer, the amendment did not expressly disclose her claims against defendant, but only referenced a pending "Workman's Comp. Claim" and "Title II and the exemptions." On this basis, defendant contends, plaintiff has still not properly disclosed her claims against defendant to the Bankruptcy Court.

Holoman does not dispute her failure to notify the Bankruptcy Court of her Title VII

5

claims[2] but argues, without supporting case law, that her claims should not be dismissed but only stayed while she applies to the bankruptcy trustee to appoint special counsel (her attorney herein) to pursue this litigation. Holoman asserts that she has meritorious claims which the Bankruptcy Court has an interest in pursuing for the benefit of Holoman's creditors.

For the following reasons, the Court agrees with defendant that Holoman lacks standing to bring this lawsuit.

In *Harvey,* for instance, the court dismissed plaintiff's Title VII discrimination complaint for lack of standing. Plaintiff had filed his EEOC charge and two months later filed his Chapter 13 bankruptcy petition. Nowhere on plaintiff's petition did he list any potential claims against defendant as part of the assets of the bankruptcy estate. After plaintiff's bankruptcy plan was confirmed, he filed his Title VII lawsuit. The court found that because the action was part of the bankruptcy estate, the bankruptcy trustee, not plaintiff, had standing to bring the claim.

Although Holoman does not specifically argue that her late amendment to the bankruptcy petition should suffice to avoid her lack of standing, other courts have rejected

---

[2] In response to defendant's motion, Holoman submits her own affidavit and that of her husband. The Court cannot consider the affidavits as they constitute evidence outside the pleadings which is not permissible under Fed.R.Civ.P. 12(c) without converting the matter to one for summary judgment. The issue of the affidavits will be addressed more fully below. The affidavits, nevertheless, do not dispute the facts dispositive to the issue of standing, namely, plaintiff's failure to disclose her pending EEOC charges to the Bankruptcy Court prior to its order confirming her bankruptcy plan.

such an attempt. In *Scott v. The Dress Barn,* 2006 WL 962534 (W.D.Tenn. April 12, 2006), for example, plaintiff did not notify the bankruptcy court of her pending Title VII lawsuit until the defendant filed a motion for summary judgment on the basis of judicial estoppel. The court found that plaintiff lacked standing and was judicially estopped from pursuing the claims despite the late amendment.

Holoman, moreover, provides no authority for her request that this matter be stayed while she asks the bankruptcy trustee to appoint special counsel to pursue this case. Defendant asserts that this option may have been available before, but not after Holoman failed to notify the Bankruptcy Court of her claims, allowed the plan to be confirmed, and filed this Complaint. This Court agrees. Contrary to Holoman's suggestion, courts which have been faced with the situation presented here have *dismissed* the lawsuit after concluding that, because the EEOC claims and resulting discrimination case are the assets of the bankruptcy estate, the plaintiff lacks standing and, consequently, the court does not have subject matter jurisdiction. *See Scott, supra, Harvey, supra,* and *Calvin v. Potter,* 2009 WL 2588884 (N.D.Ill. 2009).

Finally, without disputing that the law in this Circuit holds that a plaintiff in Holoman's circumstances lacks standing to bring this lawsuit, Holoman suggests that some circuits have reached a different conclusion regarding a Chapter 13 debtor's standing to assert claims in an individual capacity. Holoman is mistaken. Plaintiff points to the Seventh Circuit, but as explained by the court in *Calvin v. Potter, supra,* that circuit holds that "[w]hile [plaintiff], as a Chapter 13 debtor-in-possession, would have standing to bring this claim *on behalf of and for the benefit of her estate*, [plaintiff's] active misrepresentation in

7

her bankruptcy proceedings demonstrates that she is not bringing her discrimination claims *on behalf of or for the benefit of* her bankruptcy estate." Thus, the case law upon which plaintiff relies shows that she lacks standing.

Even assuming dismissal for lack of standing is not warranted, the claims are barred by judicial estoppel, as discussed below.

### (2) Judicial Estoppel

In *Lewis v. Weyerhaeuser Co.,* 141 Fed. Appx. 420 (6th Cir. 2005), the Sixth Circuit upheld the application of the doctrine of judicial estoppel to bar discrimination claims that were not disclosed in bankruptcy proceedings. In *Lewis,* plaintiff was terminated from her employment by defendant and two months later filed a Chapter 13 bankruptcy petition. She did not list her discrimination claim against defendant and never amended her petition to include it. One month after her bankruptcy plan was confirmed she sent a letter to the EEOC alleging discrimination. Four months later, she filed an EEOC charge and her Title VII lawsuit three months after that. The court granted summary judgment on the basis of judicial estoppel. The court of appeals affirmed, recognizing that the doctrine of judicial estoppel works to prevent a party from "prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.* (citations omitted) The court stated,

> In *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir.2002), this court, focusing on the first two factors identified in [*New Hampshire v. Maine,* 532 U.S. 742 (2001)], described judicial estoppel as barring a party from '(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition.'

*Id.* at 425. In a bankruptcy proceeding, the court noted, a debtor must file "a schedule of

assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." *Id.* (citing 11 U.S.C. § 521(1) ). Additionally, it "is well-settled that a cause of action is an asset that must be scheduled under § 521(1)" and the duty to disclose is a continuing one. *Id.* (citations omitted)  The court then found both of the *Browning* factors to be present.  First, plaintiff's pursuit of her Title VII complaint "is without question 'contrary to' her sworn bankruptcy petition" which she signed under penalty of perjury and indicated that she had no contingent and unliquidated claims even though one month after her plan was confirmed she complained of defendant's conduct to the EEOC. The court stated, "This court has previously found that pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Id.* (citations omitted)  Second, the court also found it clear, relying on prior precedent, that in confirming plaintiff's bankruptcy plan, the bankruptcy court adopted plaintiff's statement that she had no potential causes of action.  *See also Salyer v. Honda of America Mfg.,* 2006 WL 3230807 (S.D.Ohio Nov. 6, 2006) (The court granted summary judgment on the basis of judicial estoppel where plaintiff failed to disclose, in the bankruptcy proceedings, his pending lawsuit against defendant.) and *Felix, supra* (The court granted defendants' 12(c) motion for judgment on the pleadings on the basis of judicial estoppel where the plaintiff had failed to disclose her EEOC charge in her bankruptcy petition.)

      Defendant asserts that both factors are met here.  This Court agrees.

      First, Holoman's pursuit of her claims against defendant is "contrary to" her sworn bankruptcy petition filed on November 20, 2008 and her February 10, 2009 amended

9

petition, neither of which identified as assets any claims against defendant.  Even more blatant than *Lewis,* plaintiff herein asserted in her petition and amended petition that she had no potential cause of action against defendant even though she had already filed two EEOC charges.

Second, the Bankruptcy Court confirmed Holoman's plan on March 5, 2009.  As in *Lewis,* the Bankruptcy Court thereby "accepted" the prior assertions of Holoman.

Holoman does not dispute that the two factors considered above are met, but argues that defendant inappropriately relies on *Lewis,* which was reported in the Federal Appendix and not the Federal Reporter, instead of *Browning, supra.  Lewis,* however, as demonstrated above, expressly relied upon *Browning.*

Holoman further contends that defendant omitted consideration of a third factor recognized by *New Hampshire v. Maine*, *supra,* i.e., whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  Holoman asserts that this factor weighs in her favor.  In *Lewis,* however, citing *Browning,* the court specifically recognized the three factors set forth in *New Hampshire v. Maine*, but stated that the Sixth Circuit "focuses" only on the first two factors identified in *New Hampshire v. Maine*.  *Id.* at 425. Nonetheless, even considering this third factor, the Court agrees with defendant that Holoman derived an unfair advantage by attempting to file this action on her behalf rather than allowing the Bankruptcy Court to give any recovery to her creditors.

There is an exception. Judicial estoppel does not apply where the prior inconsistent position occurred because of "mistake or inadvertence." *Lewis, Browing.*  "[T]he failure to

10

disclose a cause of action may be deemed inadvertent where (1) the debtor lacks the knowledge of the factual basis of the undisclosed claims, or (2) the debtor has no motive for concealment." *Lewis,* 141 Fed. Appx. at 426 (citing *Browning*, 283 F.3d at 776).

Holoman contends that the prior inconsistent position occurred due to mistake or inadvertence in that, although she notified her attorney that she had filed an EEOC claim, she did not realize that it had been omitted from the petition until the mediation in this case was canceled. This contention relies on the averments of Holoman's affidavit which this Court cannot consider without converting this matter into one for summary judgment.  If this Court does not exclude the affidavits, it must convert the motion. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008) (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir.2006)) ("We have previously held that a district court converts a Rule 12(c) motion into a Rule 56 motion when the district judge merely 'fail[s] to exclude presented outside evidence.' ") Once the court converts the motion into a motion for summary judgment, it must give both parties notice of the conversion and provide a reasonable opportunity to present all material made pertinent to such a motion. *Max Arnold,* 452 F.3d at 504 (citing Fed.R.Civ.P. 12(c) ). "The district court's failure to give such notice and opportunity to respond is not reversible error, however, where all parties in fact had a sufficient opportunity to present pertinent materials." *Id.* (citations omitted).  Here, both parties appear to have adequate notice that this matter could be converted because Holoman submitted affidavits and defendant responded, addressing those affidavits.  In an abundance of liberality toward Holoman, the Court will not exclude the affidavits.  Nonetheless, they do not demonstrate that judicial estoppel does not apply.

11

There was no lack of knowledge of the claims here because Holoman admits she had two EEOC claims pending at the time she filed her bankruptcy petition. *See also Felix, supra* ("Plaintiff filed her EEOC charge over a year prior to the filing of her second bankruptcy petition. She was obviously aware of the factual basis of the discrimination claims against defendants at the time she filed her bankruptcy petition.")

Additionally, Holoman had a motive to conceal her claims given that it would be in her interests to keep damages received from this claim from her creditors. As the *Felix* court noted, a comparison to other Sixth Circuit cases warrants this conclusion:

> In *Browning*, the Sixth Circuit concluded that the corporate debtor had no motive to conceal the cause of action because, under the debtor's reorganization plan, the debtor was required to distribute any cash received to its creditors, and thus would have received no windfall as a result of its failure to disclose its claims. In *Eubanks*, [*infra*] the Sixth Circuit concluded that the evidence was insufficient to indicate that the plaintiff had acted with a motive to conceal or in bad faith because, although plaintiff's civil claim was omitted from her bankruptcy schedule form, plaintiff later informed the bankruptcy trustee about her potential civil claim before the bankruptcy action closed and took other action to make sure that the trustee and the bankruptcy court were aware of her civil claim.
>
> In contrast, the Sixth Circuit in *Lewis* upheld the district court's application of the judicial estoppel bar. The court noted that, unlike the debtor in *Eubanks*, the plaintiff did not reveal her discrimination claim to the bankruptcy court or to the trustee before approval of the bankruptcy plan, and never sought to amend her bankruptcy schedules or otherwise to inform the bankruptcy court of her discrimination claim.

In *Felix,* the court noted that unlike *Browning*, there was no plan in effect which would have guaranteed that any monetary award plaintiff received from the defendants would be distributed to her creditors. And, unlike *Eubanks*, there was no evidence that plaintiff had ever disclosed her discrimination claims to the bankruptcy court. The same is true here where plaintiff did not include her discrimination claims as contingent and unliquidated claims in her bankruptcy schedule, although she did include the foreclosure action.

12

Finally, in addition to reasons of mistake and inadvertence, this Court also considers the absence of bad faith in determining judicial estoppel. *Lewis,* 141 Fed. Appx. at 426 (citing *Eubanks v. CBSK Fin. Group, Inc.,* 385 F.3d 894 (6th Cir. 2004). In *Eubanks,* although the plaintiffs omitted their cause of action from the bankruptcy schedules, there was evidence that on several occasions the plaintiffs subsequently made efforts to inform the bankruptcy trustee and the bankruptcy court of the claim. As noted by the *Lewis* court, "Thus, under *Eubanks*, even if the debtor has knowledge of a potential cause of action and a motive to conceal it, if the plaintiff does not actually conceal it and instead takes affirmative steps to fully inform the trustee and the bankruptcy court of the action, it is highly unlikely that the omission in the bankruptcy petition was intentional." *Id.*

Unlike *Eubanks,* however, Holoman did not seek to inform the Bankruptcy Court or the bankruptcy trustee of her claims against defendant before her bankruptcy plan was confirmed. She only attempted to disclose her claims after defendant raised the issue of judicial estoppel in this case. Even then, the amendment does not reference defendant or the pending lawsuit.

Holoman asserts that she relied on her bankruptcy counsel and it was not her intent to avoid her creditors. Holoman points to her affidavit wherein she avers:

> 5. After the Petition was filed, I called the office personally a couple of times and spoke to my bankruptcy attorney's paralegal and asked questions about the bankruptcy process. I wanted to know what would happen if I received a settlement of my discrimination claims. I believe that my lawsuit had been filed by that time. I wanted to know how to send in money if a settlement was reached because I wanted to pay off our debts. She told me that we would not pay the Trustee directly but instead that we would dismiss the bankruptcy and we would pay off the creditors ourselves.
>
> 6. In June or July of 2009, my husband and I scheduled a second meeting with our bankruptcy attorney. My husband wanted to clarify what impact a settlement would

13

>have on our bankruptcy filing.  He and I verbally told our bankruptcy attorney and his paralegal about the discrimination claims that I had brought against [defendant].
>
>7.  In that meeting, our bankruptcy attorney told us to be sure to let him know if I received any money from a settlement.  He told us that we could stay in the bankruptcy or dismiss it and pay off the creditors ourselves if we received a settlement.  He stated that it did not make much sense to stay in the bankruptcy because we could hire someone to negotiate our debts and possibly pay them off at a lower amount.  He said that he knew of an attorney whom he could refer us to for help in negotiating with our creditors if we received a settlement.   He told us to inform him about any settlement and what we decided to do in terms of staying in the bankruptcy or dismissing it.

(Charlene Holoman aff.)

These averments do not save the claim from dismissal.  First, the Sixth Circuit recognizes that litigants are bound by the actions and errors of their attorneys.  *Lewis, supra* (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962).  *See also Scott, supra* (The court rejected plaintiff's attempt to rely on the alleged failure of her bankruptcy attorney to tell her to disclose any lawsuits as a potential asset given that in addition to the fact that plaintiff was bound by the actions of her attorney, the statement of financial affairs clearly required plaintiff to make the disclosure.)  Second, Holoman contends that her averments show that she had no intent to deceive and that she should be excused due to her reliance on counsel and her lack of understanding of the bankruptcy petition.  Holoman's assertions are unavailing.  In *Moody v. Honda of America Mfg., Inc.,* 2007 WL 2756948 (S.D.Ohio Sept. 20, 2007), plaintiff asserted that her failure to disclose her FMLA case in the bankruptcy proceeding was not intentional but a result of mistake or inadvertence.  Plaintiff argued that she was not informed, nor aware, that a lawsuit was an asset that was required to be disclosed to the bankruptcy court.  She also asserted that she was advised in her bankruptcy proceeding by an attorney and that he was aware of the pending lawsuit but did not include it as an asset.  The

14

court found judicial estoppel to apply and stated, "The fact that Plaintiff was represented by counsel during the bankruptcy proceeding undercuts any possibility that Plaintiff's omission was due to lack of understanding of the bankruptcy process." Notably, the plaintiff, like Holoman, only disclosed the claim to the bankruptcy court after the defendant moved for summary judgment on the basis of judicial estoppel. The court found that plaintiff's disclosure only when circumstances compelled it only reinforced that the failure to do so earlier was not inadvertent.

Finally, Holoman was responsible for verifying the accuracy of the information on the schedules. *In re Johnson*, 345 B.R. 816 (Bkrtcy.W.D.Mich.2006) (The court found that the debtor could not avoid the consequences of her misrepresentation by blaming her bankruptcy attorney.)

For the reasons stated above, Holoman is judicially estopped from bringing this claim.

**Conclusion**

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings on Plaintiff Charlene Holoman's Complaint is treated as a motion for summary judgment and granted.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 12/14/09